## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 04 B 02221 |
| | ) | |
| WICKES INC., | ) | Chapter 11 |
| | ) | The Honorable Bruce W. Black |
| Debtor. | ) | Hearing Date:  March 24, 2004 |
| | ) | Hearing Time: 1:15 P.M. |
| | ) | Objection Deadline: March 22, 2004 |

### NOTICE OF MOTION

You are hereby notified that the attached **Motion for Order Under Section 105(a) and Fed. R. Bankr. P. 3003(c)(3) (I) Setting Final Date and Procedures for Filing Proofs of Claim and (II) Approving the Form and Manner of Notice Thereof,** attached hereto and served upon you, has been set for hearing at **1:15 p.m.** on **Wednesday, March 24, 2004,** in Courtroom 615, at 219 South Dearborn Street, Chicago, Illinois.  The deadline for filing an objection to the Motion is **March 22, 2004,** pursuant to the Order Pursuant to 11 U.S.C. §§ 102 and 105(a), Bankruptcy Rules 2002(m) and 9007, and Local Rules 1000-2(A) and 7016(1) Establishing Omnibus Hearing Dates and Certain Notice, Case Management and Administrative Procedures, dated January 29, 2004.

**WICKES INC.**

By: _____
One of its attorneys

David N. Missner (ARDC #01928988)
Marc I. Fenton (ARDC #09128938)
Steven J. Christenholz (ARDC #06224663)
**PIPER RUDNICK LLP**
203 North LaSalle Street, Suite 1800
Chicago, Illinois  60601
(312) 368-4000

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

MAR 1 7 2004

KENNETH S. GARDNER, CLERK
PS REP. - AI

~CHGO1:30420971.v1

## CERTIFICATE OF SERVICE

Emily S. Gottlieb, an attorney, certifies that she served the foregoing *Notice of Motion* and the *Motion for Order Under Section 105(a) and Fed. R. Bankr. P. 3003(c)(3) (I) Setting Final Date and Procedures for Filing Proofs of Claim and (II) Approving the Form and Manner of Notice Thereof* to each of the parties listed on the attached service list in the manner indicated on the 17th day of March, 2004.

Emily S. Gottlieb

2

Roman L. Sukley
Attorney Office of the U.S. Trustee
   Northern District of Illinois
227 West Monroe Street, Suite 3350
Chicago, Illinois  60606

Richard M. Bendix
David E. Beker
Mark B. Butterman
Christopher M. Cahill
Schwartz, Cooper, Greenberger & Krauss
Suite 2700
180 North LaSalle Street
Chicago, IL  60601

Alan P. Solow
Andrew R. Cardonick
David Dranoff
Goldberg Kohn Bell Black
   Rosenbloom & Moritz, Ltd.
55 East Monroe Street, Suite 3700
Chicago, Illinois  60603-5802

Fruman Jacobson
Robert E. Richards
Patrick C. Maxcy
Sonnenschein Nath & Rosenthal LLP
Sears Tower, Suite 8000
233 South Wacker Drive
Chicago, IL 60606

Robert M. Fishman, Esq.
Brian L. Shaw, Esq.
Shaw Gussis Fishman Glantz Wolfson & Towbin
321 North Clark Street, Suite 800
Chicago, Illinois  60610

Susan Barnes de Resendiz
Jason J. Goitia
Gardner Carton & Douglas LLP
Suite 3700
191 North Wacker Drive
Chicago, IL  60606

James O'Grady
James A. Hopwood
Wickes Inc.
706 Deerpath Drive
Vernon Hills, IL  60061

Tina Nichold Moss
Pryor Cashman Sherman & Flynn LLP
410 Park Avenue
New York, NY  10022-4441

Tom A. Howley
Haynes and Boone, LLP
1000 Louisiana Street, Suite 4300
Houston, TX  77002-5012

David Phelps
Bridge Associates LLC
c/o Wickes Inc.
706 Deerpath Drive
Vernon Hills, IL  60061

Anthony Schnelling
Bridge Associates LLC
Suite 32A
747 Third Avenue
New York, NY 10017

Bankruptcy Management Corp.
Tinamarie Feil
1330 East Franklin Avenue
El Segundo, CA  90245

Carol Berggren
Schwartz, Cooper, Greenberger & Krauss
Suite 2700
180 North LaSalle Street
Chicago, IL  60601

Catherine L. Steege
Jenner & Block
One IBM Plaza, 38th Floor
330 North Wabash Avenue
Chicago, IL 60611

James M. Malley
Angelo, Gordon & Co.
245 Park Avenue, 26th Flr.
New York, NY 10167

James E. Huggett
Flaster/Greenberg P.C.
913 North Market St., 7th Flr
Wilmington, DE 19801

Beverly H. Shideler
IBM Corporation
Two Lincoln Centre
Oakbrook Terrace, IL 60618

Mark Gertzof, Director
Kenneth S. Parduc, Vice President
Merrill Lynch Capital Corporate Finance
222 North LaSalle Street, 16th Floor
Chicago, Illinois 60601

Robert A. Conrad
Vice President, Issuer Services
HSBC Banks USA
10 East 40th Street
New York, NY 10016-0200

Joseph O'Neil, Jr.
Elena Lazarou
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022

Joseph H. Baldiga
Christine E. Devine
Amanda C. Ellis
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477

Catherine Tucker
Volvo Commercial Finance LLC The Americas
7025 Albert Pick Road, Suite 105 (27409)
P.O. Box 26131
Greensboro, NC 27402

Keith W. Kibler
P.O. Box 1224
Marion, IL 62959

Louisiana Pacific Corporation
Attn:  Bruce J. Iddings/Corporate Credit Manager
P.O. Box 4000-98
North 13403 Government Way
Hayden Lake, ID  83835-4000

James Gadsden
Karl Schaffer
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY  10005-2072


Irene Siegel
The Bank of New York, Successor Trustee
101 Barclay Street, 8W
New York, NY  10286

Richard J. McCord
Certilman Balin Adler & Hyman, LLP
90 Merrick Avenue
East Meadow, NY  11554


New England Shutter & Supply, Inc.
145 Broadway Road
Dracut, MA  01826

Kevin E. Posen
Harold Stotland
Teller, Levit & Silvertrust, P.C.
Suite 800
11 East Adams
Chicago, IL  60603


Angela D. Dodd
Senior Trial Counsel
U.S. Securities & Exchange Commission
Suite 900
175 West Jackson Boulevard
Chicago, IL  60606

Jeremy S. Baber
Stewart & Stewart
931 S. Rangeline Road
Carmel, IN  46032


Allyson B. Russo
Michael M. Eidelman
Vedder, Price, Kaufman & Kammholz, PC
222 North LaSalle Street
Chicago, IL  60601

FNF Capital, Inc.
Wayne Fong, Associate Counsel
17911 Von Karmen Avenue, Suite 300
Irvine, CA  92614

## UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 04 B 02221 |
| | ) | |
| WICKES INC., | ) | Chapter 11 |
| | ) | The Honorable Bruce W. Black |
| Debtor. | ) | Hearing Date: March 24, 2004 |
| | ) | Hearing Time: 1:15 P.M. |
| | ) | Objection Deadline: March 22, 2004 |

## MOTION FOR ORDER UNDER 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 3003(c)(3) (I) SETTING FINAL DATE AND PROCEDURES FOR FILING PROOFS OF CLAIM AND (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Wickes Inc. ("Wickes"), debtor and debtor-in-possession herein (the "Debtor"), submits

this Motion (the "Motion") for an order establishing a deadline for filing proofs of claim and

approving the form and manner of notice thereof. In support of its Motion, the Debtor states:

### Jurisdiction and Statutory Predicate

1.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and

1334(a). Venue of this case and the Motion is proper pursuant to 28 U.S.C. § 1409. The Motion

is a core proceeding as that term is used in 28 U.S.C. § 157.

2.      The statutory predicate for the relief requested herein is Section 105(a) and

Rule 3003(c)(3).

### Background

3.      On January 20, 2004 (the "Petition Date"), the Debtor filed its voluntary petition

in this Court for relief (the "Case") under chapter 11 of title 11 of the United States Code, 11

U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"). The Debtor continues to manage and

operate its businesses as debtor and debtor-in-possession pursuant to sections 1107(a) and 1108

of the Bankruptcy Code.

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
MAR 1 7 2004
KENNETH S. GARDNER, CLERK

4.    On or about January 26, 2004, the United States Trustee appointed the Official Committee of Unsecured Creditors of the Debtor (the "Creditors Committee"). No trustee or examiner has been appointed in the Case.

5.    On or about February 12, 2004, Bankruptcy Management Corp. ("BMC") was retained as the claims and noticing agent in the Case.

6.    With its non-debtor subsidiaries, GLC Division Inc. and Lumber Trademark Company, Wickes is a leading supplier of building materials and manufacturer of building components in the United States. Wickes sells its products and services primarily to residential and commercial building professionals, repair and remodeling contractors and, to a lesser extent, consumers involved in major home improvement projects. Wickes operates 52 sales and distribution facilities and 10 component manufacturing facilities that produce and distribute roof and floor trusses, framed wall panels, and pre-hung door units principally in the Midwestern, Northeastern, and Southern regions of the United States.

**Requested Relief**

7.    By this Motion, the Debtor seeks entry of an order establishing procedures and fixing the last date within which certain proofs of claim against the Debtor must be filed (the "Bar Date").

8.    The form of the Debtor's proposed notice of the Bar Date is annexed hereto as Exhibit A.

**Basis For Relief**

9.    Bankruptcy Rule 3003(c)(3) provides: "The court shall fix ... the time within which proofs of claim or interest may be filed." The Debtor believes that the Court should fix the Bar Date at this time and requests, for the reasons set forth below, that the Court set **May 6, 2004** as the Bar Date, except for Governmental Units (as defined in the Bankruptcy Code),

2

which shall have a bar date of **July 17, 2004** pursuant to Section 502(b)(9). The Debtor's schedules of assets, liabilities and executory contracts and statements of financial affairs (the "Schedules") are due to be filed with this Court on or before March 26, 2004. The Debtor seeks to establish a Bar Date to determine what, if any, claims are asserted against the Debtor, in addition to those listed on the Schedules.

10.     Pursuant to the Bar Date Order, all persons or entities, including, without limitation, individuals, partnerships, corporations, estates, trusts, unions, indenture trustees and governmental units (individually, an "Entity") holding claims against the Debtor (whether secured, priority or unsecured) that arose on, or prior to January 20, 2004, are required to file proofs of claim by the applicable Bar Date.

11.     The following Entities do not need to file a proof of claim on or before the Bar Date:

(a)     any Entity that has already properly filed a proof of claim against the Debtor in accordance with the procedures set forth in the Bar Date Notice;

(b)     any Entity (i) that agrees with the nature, classification and amount of such Claim set forth in the Schedules and (ii) whose Claim against the Debtor is not listed as "disputed," "contingent," or "unliquidated" in the Schedules;

(c)     any Entity whose Claim against the Debtor previously has been allowed by, or paid pursuant to, an order of the Bankruptcy Court;

(d)     any Entity asserting a Claim allowable under sections 503(b) and 507(a)(1) of the Bankruptcy Code as an administrative expense of the Debtor's Chapter 11 case;

(e)     any holder of the Senior Secured Notes (as defined below), or the Subordinated Unsecured Notes (as defined below), identified in subsections (1)-(2) of this paragraph below, to which HSBC Bank USA and Bank of New York NA are the indenture trustees (the "Indenture Trustees"), need not file a proof of claim. The Indenture Trustees for the Senior Secured Notes and the Subordinated Unsecured Notes shall file proofs of claim on behalf of the holders of the notes for all principal and

3

interest due under the such notes and all other amounts payable under the following indentures pursuant to which the notes were issued:

(1) the Indenture, dated as of October 15, 1993 among Wickes Inc., as Issuer, and HSBC Bank USA, successor to Marine Midland Bank NA, as Trustee, pursuant to which $100,000,000 aggregate principal amount of the Wickes Subordinated Unsecured Notes Due 2003 were issued (the "Subordinated Notes"); and

(2) the Indenture, dated as of February 26, 2003 among Wickes Inc., as Issuer, and Bank of New York NA, as assignee of HSBC Bank USA, as Trustee, pursuant to which $42,833,000 aggregate principal amount of the Wickes Senior Secured Notes Due 2005 were issued (the "Senior Secured Notes").

12.    In addition, the Debtor proposes that holders of the Debtor's equity securities (whether preferred or common shares) not be required to file a proof of interest solely on account of such holder's ownership interest in or possession of such equity securities. However, any such holder that wishes to assert a Claim against the Debtor based upon transactions in the Debtor's securities, including but not limited to Claims for damages or rescission based on the purchase or sale of such securities, must file a proof of claim on or prior to the Bar Date.

13.    The Debtor shall retain the right to: (a) dispute, or assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification, or otherwise; or (b) subsequently designate any Claim as disputed, contingent, or unliquidated; provided, however, that if the Debtor amends the Schedules to reduce the undisputed, noncontingent, and liquidated amounts or to change the nature or classification of a Claim against the Debtor reflected therein, then the affected claimant shall have until the later of the Bar Date or 30 days after a claimant is served with notice that the Debtor has amended its Schedules to reduce the amount of, delete, or change the status of a scheduled claim of such claimant to file a proof of claim or to amend any previously filed proof of claim with respect to such amended scheduled Claim. Notwithstanding the foregoing, nothing

4

-CHGO1:30420971.v1

set forth herein will preclude the Debtor from objecting to any Claim, whether scheduled or filed, on any grounds.

14.     Further, the Debtor requests that proofs of claim for any rejection damages claims arising during this Case under sections 365(g) and 502(g) of the Bankruptcy Code be filed by the later of (a) the date set by the Court in the Order authorizing the rejection of such contract or lease, (b) thirty (30) days after the date of any order authorizing the Debtor to reject such executory contract or unexpired lease or (c) the Bar Date. Proofs of claim for any other claims that arose prior to the Petition Date under a lease or contract must be filed by the Bar Date.

15.     Proofs of claim must be mailed directly to BMC so that the proof of claim is actually received by BMC on or before 4:00 p.m., prevailing Eastern Standard Time, on the Bar Date. Proofs of claim should be sent to the following address:

> By mail:
>
> Wickes Inc.
> c/o BMC
> P.O. Box 1016
> El Segundo, CA 90245-1016
>
> By hand delivery or overnight mail:
>
> Wickes Inc.
> c/o BMC
> 1330 Franklin Avenue
> El Segundo, CA 90245

16.     To provide ample time for (i) mailing the thousands of Bar Date notices and (ii) allowing the Debtor's creditors (the "Creditors") a reasonable opportunity to prepare and file proofs of claim, the Debtor is requesting that this Court fix **May 26, 2004**, as the Bar Date, with notices to be mailed no later than **April 7, 2004**. A **May 26, 2004**, Bar Date and an **April 7, 2004**, mailing date will allow a period of more than forty-five (45) days for creditors to file proofs of claims, which is more than sufficient notice of the Bar Date.

5

17.    Pursuant to Rule 2002(a)(7), the Debtor intends (i) to mail the Bar Date Notice to all known Creditors by no later than **April 7, 2004**, and (ii) to publish a notice in a form substantially similar to the Bar Date Notice in (a) the national edition of The Wall Street Journal and (b) The Chicago Tribune no later than **April 7, 2004**.  As a result, Creditors will have well in excess of the twenty-day period prescribed by Rule 2002(a)(7) for notice of the Bar Date.

6

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order substantially in the form of the order attached hereto and grant such other and further relief as may be just and proper.

Respectfully submitted,

**WICKES INC.**

By: _____

One of its attorneys

David N. Missner (ARDC #01928988)
Marc I. Fenton (ARDC #09128938)
Steven J. Christenholz (ARDC #06224663)
**PIPER RUDNICK LLP**
203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601
(312) 368-4000

7

~CHGO1:30420971.v1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 04 B 02221 |
| | ) | |
| WICKES INC., | ) | Chapter 11 |
| | ) | The Honorable Bruce W. Black |
| Debtor. | ) | |
| | ) | |

## NOTICE OF FIXING OF LAST DATE FOR FILING CLAIMS

On January 20, 2004, the above-captioned debtor and debtor-in-possession (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 through 1330 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court"). The Debtor's address is 706 Deerpath Drive, Vernon Hills, Illinois 60061. The Debtor's federal tax identification number is 36-3554758.

## DEADLINE TO FILE PROOFS OF CLAIM.

Creditors other than governmental units – **May 26, 2004.**
Governmental units (as defined in Section 101(27) of the Bankruptcy Code) – **July 17, 2004.**

Any Claims against the Debtor must be filed with the claims agent appointed by the Court, Bankruptcy Management Corp. (the "Claims Agent"), by submitting a proof of claim to the following address:

By mail:

Wickes Inc.
c/o BMC
P.O. Box 1016
El Segundo, CA 90245-1016

By hand delivery or overnight mail:

Wickes Inc.
c/o BMC
1330 Franklin Avenue
El Segundo, CA 90245

A-1



Creditors should reference Wickes Inc. in order to be processed correctly.

Proofs of claim are deemed filed only when they are actually received by the Claims Agent and facsimiles will not be accepted.

**CLAIMS**. Schedules of the creditor will be filed pursuant to Bankruptcy Rule 1007. Any creditor holding a scheduled claim which is **not** listed as disputed, contingent, or unliquidated as to amount may, but is not required to, file a proof of claim in these cases. Creditors whose claims are not scheduled or whose claims are listed as disputed, contingent, or unliquidated as to amount and who desire to participate in the case or share in any distribution **must** file their proofs of claim. A creditor who desires to rely on the Debtor's Schedules has the responsibility for determining that the claim is listed accurately.

A Proof of Claim form is enclosed herewith. Proof of claim forms are also available in the Clerk's Office of any bankruptcy court or from the Court's web sight at www.ilnb.uscourts.gov. The Claims Agent in these cases can provide a proof of claim form if you cannot obtain one from your local bankruptcy court and can be reached at: Bankruptcy Management Corp., 1330 Franklin Ave., El Segundo, CA 90245; Attn: Tinamarie Feil

On March 24, 2004, the Bankruptcy Court entered an Order in these Chapter 11 cases (the "Bar Date Order") establishing **May 26, 2004**, as the general claims bar date (the "Bar Date"), except for governmental units for which the applicable bar date is July 17, 2004. Except as described below, the Bar Date Order requires that any claims (as defined in the Bankruptcy Code) against any of the Debtors be filed with the Claims Agent.

Pursuant to the Bar Date Order, all persons or entities, including, without limitation, individuals, partnerships, corporations, estates, trusts, unions, indenture trustees and governmental units (individually, an "**Entity**") holding claims against the Debtor (whether secured, priority or unsecured) that arose on, or prior to January 20, 2004, are required to file proofs of claim by the applicable Bar Date.

The following Entities do not need to file a proof of claim on or before the Bar Date:

   a.   any Entity that has already properly filed a proof of claim against the Debtor in accordance with the procedures set forth in this Bar Date Notice;

   b.   any Entity (i) that agrees with the nature, classification and amount of such Claim set forth in the Schedules and (ii) whose Claim against the Debtor is not listed as "disputed," "contingent," or "unliquidated" in the Schedules;

   c.   any Entity whose Claim against the Debtor previously has been allowed by, or paid pursuant to, an order of the Bankruptcy Court;

   d.   any Entity asserting a Claim allowable under sections 503(b) and 507(a)(1) of the Bankruptcy Code as an administrative expense of the Debtor's Chapter 11 case;

A-2

(1)     any holder of the Senior Secured Notes (as defined below), or the
Subordinated Unsecured Notes (as defined below), identified in
subsections (1)-(2) of this paragraph below, to which HSBC Bank USA
and Bank of New York NA are the indenture trustees (the "Indenture
Trustees"), need not file a proof of claim. The Indenture Trustees for the
Senior Secured Notes and the Subordinated Unsecured Notes shall file
proofs of claim on behalf of the holders of the notes for all principal and
interest due under the such notes and all other amounts payable under the
following indentures pursuant to which the notes were issued:

(1) the Indenture, dated as of October 15, 1993 among Wickes Inc., as
Issuer, and HSBC Bank USA, successor to Marine Midland Bank NA, as
Trustee, pursuant to which $100,000,000 aggregate principal amount of
the Wickes Subordinated Unsecured Notes Due 2003 were issued (the
"Subordinated Notes"); and

(2) the Indenture, dated as of February 26, 2003 among Wickes Inc., as
Issuer, and Bank of New York NA, as assignee of HSBC Bank USA, as
Trustee, pursuant to which $42,833,000 aggregate principal amount of the
Wickes Senior Secured Notes Due 2005 were issued (the "Senior Secured
Notes").

An Entity should not file a proof of claim if such Entity does not have a Claim against the
Debtor. **Receipt of this Bar Date Notice by an Entity does not mean that such Entity has a
Claim or that the Debtor or the Bankruptcy Court believes such Entity has a Claim.**
Moreover, neither the Debtor nor its attorneys nor the Bankruptcy Court can advise an Entity
whether an Entity should file a proof of claim.

Any Entity holding an interest in the Debtor, which is based exclusively upon the ownership of
common or preferred stock in such Debtor, or warrants or rights to purchase, sell or subscribe to
such a security or interest (any such interest being referred to as an "Interest") need not file a
proof of interest on or before the applicable Bar Date; provided, however, that any Entity holding
an Interest that wishes to assert a Claim against the Debtor that arises out of or relates to
transactions in the Debtor's securities, including, but not limited to, claims for damages or
rescission based on the purchase or sale of any such securities must file a proof of claim on or
prior to the applicable Bar Date unless another exception set forth herein applies.

Any Entity whose Claims arose out of the rejection of an executory contract or an unexpired
lease must file a proof of claim on or before the **later** of: (1) the date set by the Court in the
Order authorizing the rejection of such contract or lease; (2) thirty (30) calendar days after the
effective date of such rejection, as ordered by the Court, and (3) the Bar Date. Proofs of claim
for any other claims that arose on, or prior to January 20, 2004 under a lease or contract must be
filed by the applicable Bar Date.

**CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM**. Any Entity that is required to file a proof of claim, but that fails to do so in a timely manner, will be forever barred, estopped and enjoined from:

a.   asserting any Claim against the Debtor that such entity has that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules as liquidated, undisputed and non-contingent, or (ii) is of a different nature or in a different classification (in either case an "Unscheduled Claim"); and

b.   voting upon, or receiving distributions under, any plan or plans of reorganization in this chapter 11 case in respect of an Unscheduled Claim.

If it is unclear from the Schedules whether your Claim is disputed, contingent or unliquidated as to amount or is otherwise properly listed and classified, you **must** file a proof of claim on or before the Bar Date. Any Entity that relies on the Schedules bears responsibility for determining that its Claim is accurately listed therein. A copy of the Schedules will be on file with the Bankruptcy Court Clerk's Office located at 219 South Dearborn Street, Chicago, Illinois.

| **COUNSEL FOR THE DEBTORS:** | **SPECIAL COUNSEL FOR THE DEBTORS:** |
|---|---|
| David N. Missner, Esq. | Richard M. Bendix, Jr., Esq. |
| Marc I. Fenton, Esq. | David E. Beker, Esq. |
| Steven J. Christenholz, Esq. | Mark B. Butterman, Esq. |
| Piper Rudnick LLP | Schwartz, Cooper, Greenberger & Krauss |
| 203 North LaSalle Street, Suite 1800 | 180 North LaSalle Street, Suite 2700 |
| Chicago, IL 60601-1293 | Chicago, Illinois 60601 |

IF YOU HAVE ANY QUESTIONS, PLEASE CALL THE WICKES INC. RESTRUCTURING INFORMATION LINE AT 888-909-0100.

A-4

B10 (Official Form 10) (Rev. 04/01)

| UNITED STATES BANKRUPTCY COURT<br>Northern District of Illinois | PROOF OF CLAIM |
|---|---|
| In re:   **Wickes Inc.** | 04-02221 |

NOTE: This claim should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**YOUR CLAIM IS SCHEDULED AS:**

UNSECURED $amount, DISPUTED

0390625704291θ

Name
Address

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach Copy of statement giving particulars

☐ Check box if you have never received any notices from the bankruptcy court in this case

☐ Check box if the address differs from the address on the envelope sent to you by the court

The amounts reflected above constitute your claim as scheduled by the Debtor. If you agree with the amounts set forth herein, and have no other claim against the Debtor, you do not need to file this proof

**If the amounts shown above are listed as Contingent, Unliquidated or Disputed, a proof of claim must be filed.**

If you have already filed a proof of claim with the Bankruptcy Court or BMC, you do not need to file

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:

Check here if this claim   ☐ replaces   ☐ amends   a previously filed claim dated: _____

**1. BASIS FOR CLAIM**

☐ Goods sold
☐ Personal injury/wrongful death
☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Services performed
☐ Taxes
☐ Wages, salaries, and compensation (Fill out below)
☐ Money loaned
☐ Other (Describe Briefly)

Your social security No. _____
Unpaid compensation for services performed
from _____ to _____
     (date)          (date)

**2. Date Debt Incurred:** (MMDDYY)

**3. If Court Judgment, Date Obtained:**

4.   CLASSIFICATION OF CLAIM. Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

☐ SECURED CLAIM
Attach evidence of perfection of security interest
Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle   ☐ Other (Describe briefly)

Amount of arrearage and other charges at time case filed included in secured claim above, if any $

☐ UNSECURED NONPRIORITY CLAIM
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM - Specify the priority of the claim.

☐ Wages, salaries, or commissions (up to $4,650), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3)

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4)

☐ Up to $2,100 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6)

☐ Taxes or penalties of governmental units - 11 U.S.C. § 507 (a)(7)

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)_____

5.   AMOUNT OF CLAIM AT THE TIME CASE FILED:

| (Secured) | (Unsecured Nonpriority) | (Unsecured Priority) |
|---|---|---|

☐ Check this box if claim includes charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

6.   CREDITS AND SETOFFS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

7.   SUPPORTING DOCUMENTS: *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8.   TIME STAMPED COPY: To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

**THIS SPACE IS FOR COURT USE ONLY**

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

# INSTRUCTIONS FOR COMPLETING CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

### Debtor

The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

### Creditor

A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date the bankruptcy case was filed.

### Proof of Claim

A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the Claims Agent, Bankruptcy Management Corporation, or the clerk of the bankruptcy court where the bankruptcy case was filed.

### Secured Claim

A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition to the extent a creditor also owes money to be debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim.*)

### Unsecured Claim.

If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

### Unsecured Nonpriority Claim

Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

---

**Court, Name of Debtor, and Case Number:**
If not already pre-printed, fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the
In re: space provided and the name of the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

**Information about Creditor:**
If not already pre-printed complete this section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or amends a proof of claim that was already filed, check the appropriate box on the form.

1. **Basis for Claim:**
Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

2. **Date Debt Incurred:**
Fill in the date the debt was first owed by the debtor. Use the format MMDDYY (i.e. 100196 for October 1,1996).

3. **Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment.

4. **Classification of Claim:**
Check either Secured, Unsecured Nonpriority or Unsecured Priority as appropriate. (See **DEFINITIONS** above.)

5. **Amount of Claim:**
Insert the amount of claim at the time the Case filed in the appropriate box based on your selected Classification of Claim in item 4. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**6, 7, 8. Please read - Important information.**

Upon completion of this claim form, you are certifying that the statements herein are true.

*Be sure to date the claim and place original signature of claimant or person making claim for creditor where indicated at the bottom of the claim form. Please type or print name of individual under the signature. Be sure all items are answered on the claim form. If not applicable, insert "Not Applicable".*

**RETURN CLAIM FORM (WITH ATTACHMENTS, IF ANY).**

WICKES INC.
C/O BANKRUPTCY MANAGEMENT CORPORATION
P.O. BOX 1016
EL SEGUNDO, CA 90245-1016