UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Bruce W. Black |
| WICKES, INC., | ) | |
| a Delaware corporation, | ) | Case No. 04 B 02221 |
| and | ) | |
| GLC DIVISION, INC | ) | Case No. 04 B 23607 |
| a Delaware corporation. | ) | |
| | ) | |
| Debtors. | ) | |

**FINAL ORDER AUTHORIZING DEBTOR TO ENTER INTO
INSURANCE PREMIUM FINANCING AGREEMENT
WITH AFCO PREMIUM CREDIT LLC**

Upon the motion (the "**Motion**")[1] of Wickes Inc. ("**Wickes**"), debtor and debtor in possession in the above-captioned jointly administered chapter 11 cases (the "**Cases**"), for entry of an Order authorizing Wickes to enter into an insurance premium financing agreement (the "**Finance Agreement**") with AFCO Premium Credit LLC ("**AFCO**"); the Court having entered an interim Order on June 10, 2004 granting the relief requested; and it appearing that the relief requested in the Motion is in the best interest of Wickes, its estate, creditors and other parties in interest; and it further appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and good and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED THAT:**

1.   The Motion is GRANTED.

2.   Wickes is authorized to enter into and perform the Finance Agreement with AFCO, a copy of which is attached as Exhibit A to the Motion, and the Policies.

---

[1] All capitalized terms not defined herein shall have the same meaning ascribed to them in the Motion.

254497.2 050495-32995

3. AFCO is also hereby granted a first priority security interest, pursuant to section 364(c)(2) of the Bankruptcy Code, in any unearned or returned premiums and other amounts that may become due to the Debtor under the Policies as a result of the cancellation of the Policies.

4. AFCO is granted an administrative claim pursuant to section 503(b) of the Bankruptcy Code for any deficiency that may result from a default by Wickes under the Finance Agreement..

5. In the event Wickes defaults under the terms of the Finance Agreement, AFCO may, without further Order of the Court and notwithstanding the automatic stay imposed pursuant to section 362 of the Bankruptcy Code, exercise its rights under the power of attorney contained in the Finance Agreement to cancel the Policies and receive any unearned or return premiums; provided, however, that AFCO shall have provided Wickes with at least ten (10) days written notice of any default and Wickes shall have failed to cure such default during the applicable cure period prior to any exercise of AFCO's rights under the Finance Agreement.

6. Wickes is authorized to execute and deliver such documents and amendments to the Finance Agreement as Wickes may deem necessary or desirable to carry out this final Order (the "**Final Order**").

7. Pursuant to section 364(e) of the Bankruptcy Code, the reversal or modification on appeal of this Final Order shall not affect the validity of the debt, priority, or lien granted to AFCO under this Final Order.

Dated: Chicago, Illinois
July ___, 2004

*Bruce W. Black* (signature)

The Honorable Bruce W. Black
United States Bankruptcy Judge

254497.2 050495-32995

-2-