UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 04 B 02221 |
| | ) | |
| WICKES INC., | ) | Chapter 11 |
| | ) | The Honorable Bruce W. Black |
| Debtor. | ) | Hearing Date: June 29, 2004 |
| | ) | Hearing Time: 9:30 A.M. |
| | ) | Objection Deadline: June 28, 2005 |

### NOTICE OF MOTION

You are hereby notified that the attached **Motion for Order Under Pursuant To 11 U.S.C. §§ 105(a) and 503 (A) Establishing Final Date for Filing Certain Requests For Allowance of Administrative Expense Claims, and (B) Approving the Form and Manner of Notice Thereof**, attached hereto and served upon you, has been set for hearing at **9:30 a.m.** on **Wednesday, June 29, 2005**, in Courtroom 615, at 219 South Dearborn Street, Chicago, Illinois. The deadline for filing an objection to the Motion is **June 28, 2005**.

Dated: June 23, 2005

WICKES INC.

By: _____
One of its attorneys

David N. Missner (ARDC #01928988)
Steven J. Christenholz (ARDC #06224663)
**DLA PIPER RUDNICK GRAY CARY US LLP**
203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601
(312) 368-4000



-CHGO1:30420971.v1

## CERTIFICATE OF SERVICE

Nina Taylor, a non-attorney, certifies that, on the 23rd day of June, 2005, she served the foregoing *Motion for Order Under Pursuant To 11 U.S.C. §§ 105(a) and 503 (A) Establishing Final Date for Filing Certain Requests For Allowance of Administrative Expense Claims, and (B) Approving the Form and Manner of Notice Thereof* to each of the parties listed on the attached service list by facsimile transmission.

*[signature]*
Nina Taylor

-CHGO1:30420971.v1

Roman L. Sukley
Attorney Office of the U.S. Trustee
Northern District of Illinois
227 West Monroe Street, Suite 3350
Chicago, Illinois 60606

Richard M. Bendix
Mark B. Butterman
Christopher M. Cahill
David E. Beker
Schwartz, Cooper, Greenberger & Krauss
Suite 2700
180 North LaSalle Street
Chicago, IL 60601

David Rosen
Houlihan Lokey Howard & Zukin Capital, Inc.
4th Floor
123 N. Wacker Drive
Chicago, IL 60606-1700

Fruman Jacobson/Robert E. Richards
Pia N. Thompson/Patrick C. Maxcy
Sonnenschein Nath & Rosenthal LLP
Sears Tower, Suite 8000
233 South Wacker Drive
Chicago, IL 60606

Michael H. Traison
Miller, Canfield, Paddock and Stone, P.L.C.
Suite 2500
150 West Jefferson
Detroit, MI 48226-4415

Susan Barnes de Resendiz
Jason J. Goitia
Daniel Northrop
Gardner Carton & Douglas LLP
Suite 3700
191 North Wacker Drive
Chicago, IL 60606

Darrold Weidman
Wickes Inc.
706 Deerpath Drive
Vernon Hills, IL 60061

Tina Nichold Moss
Pryor Cashman Sherman & Flynn LLP
410 Park Avenue
New York, NY 10022-4441

James Gadsden
Karl Schaffer
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10005-2072

Fred Kraegel
Bridge Associates LLC
c/o Wickes Inc.
706 Deerpath Drive
Vernon Hills, IL 60061

Anthony Schnelling
Bridge Associates LLC
Suite 32A
747 Third Avenue
New York, NY 10017

Bankruptcy Management Corp.
Tinamarie Feil
1330 East Franklin Avenue
El Segundo, CA 90245

Carol Berggren
Schwartz, Cooper, Greenberger & Krauss
Suite 2700
180 North LaSalle Street
Chicago, IL 60601

Curt J. Schlom
Jason M. Kuzniar
Wilson, Elser, Moskowitz,
 Edelman & Dicker LLP
26th Floor
120 North LaSalle Street
Chicago, IL 60602

Gerrity Company Inc.
90 Oak Street
P.O. Box 9111
Newton Upper Falls, MA 02464

Michael L. Weinberger
Bradco Supply Corporation
13 Production Way
Avenel, NJ 07001

Robert C. Garbrecht
McAfee & Taft, A.P.C.
10th Floor, 2 Leadership Square
Oklahoma City, OK 73102

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 04 B 02221 |
| | ) |
| WICKES INC., | ) Chapter 11 |
| | ) The Honorable Bruce W. Black |
| Debtor. | ) Hearing Date: June 29, 2005 |
| | ) Hearing Time: 9:30 A.M. |
| | ) Objection Deadline: June 28, 2005 |

## MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 503 (A) ESTABLISHING FINAL DATE FOR FILING CERTAIN REQUESTS FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIMS, AND (B) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Wickes Inc. ("Wickes"), debtor and debtor-in-possession herein (the "Debtor"), submits this Motion For Order Pursuant to 11 U.S.C. §§ 105(a) and 503 (A) Establishing Final Date for Filing Certain Requests for Allowance of Administrative Expense Claims, and (B) Approving the Form and Manner of Notice Thereof (the "Motion"). In support of its Motion, the Debtor states as follows:

### Jurisdiction and Statutory Predicate

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334(a). Venue of this case and the Motion is proper pursuant to 28 U.S.C. § 1409. The Motion is a core proceeding as that term is used in 28 U.S.C. § 157(b)(2)(A), (B) and (O).

2. The statutory predicate for the relief requested herein is Sections 105(a) and 503 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*

### Background

3. With its non-debtor subsidiaries, GLC Division Inc. and Lumber Trademark Company, Wickes was a leading supplier of building materials and manufacturer of building

-CHGO1:30591742.v2

components in the United States. Wickes sold its products and services primarily to residential and commercial building professionals, repair and remodeling contractors and, to a lesser extent, consumers involved in major home improvement projects. Wickes operated 47 sales and distribution facilities and 10 component manufacturing facilities that produced and distributed roof and floor trusses, framed wall panels, and pre-hung door units principally in the Midwestern, Northeastern, and Southern regions of the United States.

4.   On January 20, 2004 (the "Petition Date"), the Debtor filed its voluntary petition in this Court for relief (the "Case") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"). The Debtor continues to manage its assets as debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.   On or about January 26, 2004, the United States Trustee appointed the Official Committee of Unsecured Creditors of the Debtor (the "Creditors Committee"). No trustee or examiner has been appointed in the Case.

6.   On or about July 22, 2004, the Court entered several orders authorizing and approving the sale of various sets of assets of the Debtor to various purchasers and such transactions closed shortly after July 22, 2004.

### Requested Relief

7.   By this Motion, the Debtor requests that this Court establish **August 31, 2005** (the "Administrative Claims Special Bar Date") as the last day for any individual or entity who may have an administrative expense (an "Administrative Claim") of the kind specified in Sections 503(b), 365 or 1114(e)(2) of the Bankruptcy Code and entitled to priority pursuant to Section 507(a)(1) of the Bankruptcy Code, including, but not limited to, the actual, necessary

2

costs and expenses, incurred after the Petition Date, of preserving the estate and operating the business of the Debtor (including wages, salaries, or commissions for services rendered after the commencement of the Case), which claim arose between January 20, 2004 and June 29, 2005, to file a request for allowance of such Administrative Claim.

8. Because the following claims are still accruing or have been previously approved by the Court or reconciled by the Debtor, the Debtor requests that such claims not be subject to the Administrative Claims Special Bar Date: (a) compensation or reimbursement awarded (or awardable) under Sections 330(a), 331, and/or 503(b) of the Bankruptcy Code to professionals retained, pursuant to a Final Order of the Bankruptcy Court, by the Debtor or the Creditors Committee, (b) expenses reimbursed (or reimbursable) to members of the Creditors Committee, (c) any administrative claims that have been previously allowed by a Final Order of the Bankruptcy Court, and (d) each of the claims listed on Exhibit "A" to the proposed Order, solely in the amounts listed on Exhibit "A."[1]

## Basis For Relief

9. The establishment of the Administrative Claims Special Bar Date will provide a benefit to the estate, because, among other things, it will allow the Debtor to be better able to analyze and process the universe of administrative claims in preparation for filing its amended plan of reorganization and disclosure statement.

10. The Debtor submits that the procedures and relief requested herein are appropriate because they are reasonably calculated to provide individuals and entities holding or asserting

---

[1] If any of the creditors listed on Exhibit "A" to the Order have any objection to the amount listed on Exhibit "A," then such creditor must file a request for allowance of Administrative Claim prior to the Administrative Claims Special Bar Date. Failure to file such a request prior to the Administrative Claims Special Bar Date will result in the creditor receiving an allowed Administrative Claim in the amount listed on Exhibit "A" to the Order and such creditor will be barred for asserting any other Administrative Claim against the Debtor or its estate.

3

~CHGO1:30591742.v2

administrative claims against the Debtor with notice of the Administrative Claims Special Bar Date and ample time within which to file requests for allowance of such administrative claims.

11. The Debtor reserves the right to object to any Administrative Claim, whether filed or not, on any ground.

12. To provide ample time for the Debtor to mail thousands of Notices of the Administrative Claims Special Bar Date and a reasonable opportunity for the Debtor's creditors (the "Creditors") to prepare and file their requests for allowance of the Administrative Claims, the Debtor is requesting that this Court fix **August 31, 2005** as the Administrative Claims Special Bar Date.

13. Pursuant to Rule 2002(a)(7), the Debtor intends (a) to mail the Bar Date Notice to all known Creditors by no later than **July 1, 2005**, and (b) to publish a notice in a form substantially similar to the Notice of Administrative Claims Special Bar Date, attached to the proposed Order as Exhibit "B" in (i) the national edition of The Wall Street Journal and (ii) The Chicago Tribune no later than **July 15, 2005**. An August 31, 2005 Administrative Claims Special Bar Date and a July 1, 2005 mailing date will allow a period of approximately sixty (60) days for Creditors to prepare and file their requests for allowance of the Administrative Claims, which the Debtor submits is more than sufficient notice of the Administrative Claims Special Bar Date.

## NOTICE

14. The Debtor has been working closely with the Creditors Committee and other parties in interest on a consensual plan of reorganization in this Case. While substantial progress on a plan has been made, the Debtor needs to have a clear picture of the Administrative Claims in this Case before the plan can be presented for confirmation. Accordingly, in order to avoid further delay in the plan confirmation process, the Debtor requests that this Court authorize it to

~CHGO1:30591742.v2

present this Motion on a non-omnibus hearing date and, pursuant to Fed. R. Bankr. P. 9006(c), approve the shortened and limited notice described below.

15.     Notice of this Motion has been given by facsimile transmission to (a) counsel for the United States Trustee for the Northern District of Illinois; (b) counsel for the Creditors Committee; and (c) any other parties required by the Order Pursuant to 11 U.S.C. §§ 102(1) and 105(a), Bankruptcy Rules 2002(m), and 9007, and Local Rules 1000-2(A) and 7016(1) Establishing Omnibus Hearing Dates and Certain Notice, Case Management and Administrative Procedures entered on or about January 29, 2004 (the "Administrative Procedures"). The Debtor submits that the proposed notice is sufficient under the circumstances.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order substantially in the form of the Order attached hereto and grant such other and further relief as may be just and proper.

Dated: June 23, 2005                    Respectfully submitted,

                                        **WICKES INC.**

                                        By: _____
                                            One of its attorneys

David N. Missner (ARDC #01928988)
Steven J. Christenholz (ARDC #06224663)
**DLA PIPER RUDNICK GRAY CARY US LLP**
203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601
(312) 368-4000

5

~CHGO1:30591742.v2

## EXHIBIT "B"

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 04 B 02221 |
| | ) | |
| WICKES INC., | ) | Chapter 11 |
| | ) | The Honorable Bruce W. Black |
| Debtor. | ) | |

## NOTICE OF ADMINISTRATIVE CLAIMS SPECIAL BAR DATE

**TO:** ALL PERSONS ASSERTING AN ADMINISTRATIVE CLAIM PURSUANT TO 11 U.S.C. §§ 503(b), 546(c)(2)(A), 365 AND/OR 1114(e)(2) AGAINST THE ABOVE-CAPTIONED DEBTOR

PLEASE TAKE NOTICE THAT, on June ____, 2005, the Honorable Bruce W. Black, United States Bankruptcy Judge, entered an order in the captioned case (the "Order") setting **August 31, 2005** (the "Administrative Claims Special Bar Date") as the last day for filing any requests for allowance and/or payment of Administrative Claims (as defined herein) against the above-captioned debtor (the "Debtor") that arose between January 20, 2004, (the "Petition Date") and June 29, 2005. Copies of the Order may be inspected at the Bankruptcy Court or obtained from counsel for the Debtor upon written request at the address indicated below.

Except as set forth below, for purposes of this Notice, "Administrative Claim" shall mean any claim against the Debtor that arises or has arisen between January 20, 2004, and June 29, 2005, and is a claim for:

(1) the actual, necessary cost and expenses of preserving the Debtor's estate, including wages, salaries, or commissions for services rendered after Petition Date;

(2) any tax (a) incurred by the Debtor's estate, except a tax of a kind specified in § 507(a)(8) of the Bankruptcy Code; or (b) attributable to an excessive allowance of a tentative carryback adjustment that the estate received, whether the taxable

~CHGO1:30591874.v2

  year to which such adjustment relates ended before or after the commencement of the case;

(3) any fine, penalty, or reduction in credit relating to a tax of a kind specified in subparagraph (2) above;

(4) the actual, necessary expenses incurred by--

  (a) a creditor that files a petition under § 303 of the Bankruptcy Code;

  (b) a creditor that recovers, after the Court's approval, for the benefit of the estate any property transferred or concealed by the debtor;

  (c) a creditor in connection with the prosecution of a criminal offense relating to the case or to the business or property of the debtor;

  (d) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders, other than a committee appointed under § 1102 of the Bankruptcy Code, in making a substantial contribution in the Debtor's bankruptcy case;

  (e) a custodian superceded under § 543 of the Bankruptcy Code, and compensation for services of such custodian; or

(5) reasonable compensation for services rendered by an indenture trustee in making a substantial contribution in the Debtor's bankruptcy case, based on the time, the nature, the extent and the value of such services other than in a case under the Bankruptcy Code; and

(6) the fees and mileage payable under chapter 119 of title 28.

**ANY HOLDER OF AN ADMINISTRATIVE CLAIM WHO FAILS TO FILE A REQUEST FOR PAYMENT OF SUCH ADMINISTRATIVE CLAIM ON OR BEFORE THE ADMINISTRATIVE CLAIMS SPECIAL BAR DATE SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH ADMINISTRATIVE CLAIM AGAINST THE DEBTOR OR THE DEBTOR'S BANKRUPTCY ESTATE.**

This Administrative Claims Special Bar Date shall not apply to the following:

(1) compensation or reimbursement awarded (or awardable) under Sections 330(a), 331, and/or 503(b) of the Bankruptcy Code to professionals retained, pursuant to a Final Order of the Bankruptcy Court, by the Debtor or the Creditors Committee,

(2) expenses reimbursed (or reimbursable) to members of the Creditors Committee,

(3) any administrative claims that have been previously allowed by a Final Order of the Bankruptcy Court, and

(4) each of the claims listed on Exhibit "A" to the Order, solely in the amounts listed on Exhibit "A."

PLEASE TAKE FURTHER NOTICE that all requests for payment of Administrative Claims must be filed so that they are actually received by the Clerk of the United States Bankruptcy Court on or before the Administrative Claims Special Bar Date. All requests for payment of Administrative Claims must be received by mail or in person at:

Clerk, United States Bankruptcy Court
Northern District of Illinois, Eastern Division
219 South Dearborn Street
Chicago, Illinois 60604

**REQUESTS FOR ALLOWANCE OF ADMINISTRATIVE CLAIMS WILL BE DEEMED FILED ONLY WHEN ACTUALLY RECEIVED BY THE CLERK OF THE BANKRUPTCY COURT.** Do not file requests for allowance of Administrative Claims with the Debtor or the Debtor's counsel. To receive an acknowledgement that your request for allowance of Administrative Claim has been received and filed by the Clerk of the Bankruptcy Court, you must provide one additional copy and a postage paid, self-addressed, stamped envelope. In addition, a copy of the request for allowance of Administrative Claim must be provided to the Debtor at the address of Debtor's counsel listed below and to any other parties entitled to notice under the Administrative Procedures Order entered in this Case on or about January 29, 2004.

-CHGO1:30591874.v2

This Notice is only a summary of the Order. **All interested parties are referred to the text of the Order itself and the Bankruptcy Code and rules for additional information regarding the filing and treatment of requests for allowance of Administrative Claims and should consult with their own legal advisors.**

This Notice is a supplement to and does not extend or modify the general bar dates to file pre-petition claims of May 26, 2004 (for general claims) and July 17, 2004 (for pre-petition governmental unit claims only). Proofs of Claim previously filed in this case for obligations that arose prior to January 20, 2004 do not need to be re-filed.

Dated: _____

David N. Missner
Steven J. Christenholz
**DLA PIPER RUDNICK
GRAY CARY US LLP**
203 North LaSalle Street, Suite 1800
Chicago, Illinois 60601
(312) 368-4000

– and –

Richard Bendix
Mark Butterman
**SCHWARTZ, COOPER,
GREENBERGER & KRAUSS**
180 North LaSalle Street
Suite 2700
Chicago, Illinois 60601
(312) 845-5424

4

~CHGO1:30591874.v2