IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WICKES INC., a Delaware corporation, | ) | Case No. 04 B 02221 |
| and GLC DIVISION, INC. a Delaware | ) | |
| corporation | ) | |
| | ) | Honorable Bruce W. Black |
| | ) | |
| Debtors | ) | |

**SECOND AND FINAL FEE APPLICATION OF HOULIHAN LOKEY HOWARD
& ZUKIN CAPITAL FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS AND TRANSACTION BROKER FOR
THE PERIOD FEBRUARY 2, 2004 THROUGH DECEMBER 31, 2004**

Pursuant to sections 1107 and 1108 of title 11 of the United States Code, Sections 327 and 330 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois Eastern Division (the "Local Rules"), Houlihan Lokey Howard & Zukin Capital ("Houlihan Lokey"), financial advisor to the Official Committee of Unsecured Creditors (the "Committee") of Wickes Inc. (the "Debtors") and Transaction Broker, respectfully submits this second and final fee application (the "Application") for allowance and payment of (i) $2,314,068 as compensation for the duration of the retention (consisting of $375,000 in monthly compensation already allowed under the First Interim Fee Application, $112,500 as interim monthly compensation for the months of July 2004 through September 2004, and a Transaction Fee in the amount of $1,826,568) and (ii) $41,939.58 as reimbursement for expenses (consisting of $14,900.96 in monthly expenses already allowed under the First Interim Fee Application and interim expenses of $27,038.62) as Financial Advisor to the Committee and Transaction Broker for the period from February 2, 2004 through December 31, 2004 (the "Final Application Period"). Of the requested amounts,

$1,058.22 of interim expenses remain unpaid. A detailed calculation of fees paid and the net amount due for services rendered during the Final Application Period is attached hereto as Exhibit A.

In support of this Application, Houlihan Lokey respectfully states as follows:

### I.   Introduction

1. On January 20, 2004 (the "Petition Date"), the Debtors filed their voluntary petition in this Court for Reorganization relief under Chapter 11 of the Bankruptcy Code. Since that time, the Debtors have continued to operate their business and manage their property as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. On January 26, 2004 the United States Trustee appointed an official committee of unsecured creditors (the "Official Committee of Unsecured Creditors"). No trustee or examiner has been appointed in this case.

3. The court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S. C. § 157(b).

4. The statutory predicates for relief sought herein are sections 1107 and 1108 of the Bankruptcy Code.

### II.   Summary of Services Provided by Houlihan Lokey

5. Houlihan Lokey is a nationally recognized investment banking / financial advisory firm with 9 offices worldwide with more than 500 professionals. Houlihan Lokey provides financial advisory services and execution capabilities in the areas of financial restructuring, investment banking, business and securities valuation and litigation support. In the area of financial restructuring, Houlihan Lokey has provided financial advice, valuation analyses and investment banking services to debtors, bondholder groups, secured and unsecured creditors,

2

acquirors, employee stock ownership plans, equity holders and other parties-in-interest involved with financially troubled companies both in and out of bankruptcy. The Houlihan Lokey Financial Restructuring Group has a staff of approximately 90 professionals dedicated to financial restructuring engagements.

6. During the Application Period, although other professionals at Houlihan Lokey have provided assistance on discrete issues from time to time, the following professionals have performed substantial services on behalf of the Committee and as Transaction Broker:

Thomas Hartfield, Managing Director

Matthew Niemann, Managing Director

David Rosen, Senior Vice President

Brian Cook, Vice President

Adam Fitzner, Associate

Scott Jackson, Associate

Andy Mitchell, Associate

Benjamin Katz, Financial Analyst

Nathan Richey, Financial Analyst

Ravi Soni, Financial Analyst

7. The work performed by Houlihan Lokey during the Application Period is separated among several categories, which are:

    a.    Strategic Discussions, Planning and Review;

    b.    Company Due Diligence and Industry Research;

    c.    Financial Analysis and Operational Review;

    d.    Role as Transaction Broker;

  e. Correspondence, Meetings and Discussions with Parties-in-interest; and

  f. Case Administration.[1]

(a) **Strategic Discussions, Planning and Review.**  Houlihan Lokey expended considerable time and effort assisting the Committee in the contemplation of various strategic issues and alternatives.  Houlihan Lokey participated in strategy meetings and prepared associated analyses in connection with providing direction on many of the strategic decisions facing the Committee.  Some of the major strategic discussions, planning and review activities, included the following:

- Advising the Committee on the financial condition of the Debtors and its operations.

- Advising the Committee on strategic alternatives, including evaluating the sale of the Debtors' assets or a standalone reorganization.

- Advising the Committee on the negotiation of the Debtor-In-Possession (DIP) financing, including evaluating and negotiating alternative sources of DIP financing.

- Conferences and meetings among Houlihan Lokey professionals and Sonnenschein Nath & Rosenthal professionals to facilitate strategy sessions and recommendations to the Committee, including general tactics related to the case and pending legal deadlines.

(b) **Company Due Diligence and Industry Research.**  Throughout the Application Period, Houlihan Lokey expended considerable effort performing due diligence (both onsite and telephonically) on the Debtors' actual financial results, general operations and key operating initiatives.  This information was evaluated in the context of current building

---

[1] While specific work could qualify under more than one of these categories, Houlihan Lokey has assigned each of its various tasks/services to the most representative category.  As an example, work performed evaluating projected cash flows would pertain on some basis to all of the categories outlined above (except, perhaps, case administration) and would not be specifically assignable to any one category.

4

industry dynamics and the operating metrics of comparable companies and was used to inform the Committee, as well as provide information for the sale of the Debtors' assets.

(c) **Financial Analysis and Operational Review.** Significant financial analyses and monitoring was performed regarding the Debtors' business units, including extensive review of the Company's internal and external monthly operating reports and the Debtors' funding of its operations. In addition, Houlihan Lokey spent considerable time monitoring cash flow, working capital and DIP financing activity.

(d) **Role as Transaction Broker.** Houlihan Lokey expended considerable time and effort by serving as the Transaction Broker for the estate. In its role as Transaction Broker, Houlihan Lokey, in conjunction with the Debtors' senior management and advisors: (i) developed a buyers list of potential financial and strategic buyers; (ii) prepared the marketing material that was provided to potential buyers and assisted in the coordination and gathering of due diligence information to be made available to the potential buyers; (iii) contacted and communicated with over 125 potential buyers to assess their interest in the assets of the Debtors; (iv) responded to due diligence requests, accompanied buyers on site visits and prepared buyers for the bidding for assets; (v) analyzed offers for assets and negotiated with potential buyers to obtain the three stalking horse agreements and two other asset purchase agreements that provided over $130 million in proceeds to the estate.

(e) **Correspondence, Meetings and Discussions with Parties-In-Interest.** Houlihan Lokey engaged in extensive correspondence and preparation for meetings with the Committee, the Debtors', the Debtors' advisors, potential secured DIP lenders, the Ad Hoc Committee of 2005 Noteholders and various other parties-in-interest in the Chapter 11 case. Houlihan Lokey expended significant time and effort (both in-person and via conference call)

5

meeting the due diligence requirements of the Committee. In addition, Houlihan Lokey conducted meetings and conference calls with parties-in-interest to provide situational updates.

(f)    **Case Administration.** This category includes various services related to Chapter 11, retention matters, addressing questions of individual members of the Committee, Chapter 11 procedures, communications and administrative functions and other matters not falling into any of the other categories listed above.

8.    Houlihan Lokey, like many other investment bankers, is compensated under the Retention Agreement on a flat monthly fee basis (not hourly). However, for informational purposes, attached hereto as Exhibit B is a summary of estimated hours worked during the Application Period categorized by professional and work category. Since Houlihan Lokey does not have the systems in place to allow its professional staff to regularly log hours worked, Houlihan Lokey firmly believes the hours provided are materially understated. In addition, on numerous occasions, other professionals of Houlihan Lokey have been contacted for their specific assistance on particular issues in this case. No record of their time is reflected herein because of a lack of systems to record such time among the nine Houlihan Lokey offices.

### III.    Expenses

9.    In accordance with Section 331 of the Bankruptcy Code, Houlihan Lokey respectfully supplements the narrative of the actual and necessary expenses incurred during the Final Application Period. The unpaid Final Application Period expenses for which reimbursement is requested amount to $1,058.22. Attached hereto, as Exhibit C, is a summary of expenses by category during Houlihan Lokey's retention. Houlihan Lokey incurred expenses in the following categories:

(a) **Telephone:** Expenses include all phone/fax charges related to the case. Houlihan Lokey makes no profit on telephone expenses. Houlihan Lokey does not charge its clients for local telephone usage.

(b) **Airfare:** All flights incurred for this case have been charge at coach fare price. All of the travel expenses were necessary given the working dynamics of this case.

(c) **Computer On-Line Research:** Expenses associated with research on database systems or document retrieval relating to this case.

(d) **Travel/Working Meals:** Houlihan Lokey charged for meals consumed during meetings with individuals regarding the Chapter 11 case in order to expedite or facilitate working sessions or for necessary meals during travel.

(e) **Delivery:** This category contains all expenses Houlihan Lokey incurred for delivery of documents that needed to be distributed via Federal Express, messenger service or US Postal Service.

(f) **Lodging:** Lodging includes expenses associated with hotel stays and related expenses incurred when out-of-town meetings were required or for necessary overnight stays in connection with working sessions.

(g) **Ground Transportation:** This category contains all transportation expenses excluding airfare, such as taxi, airport transportation, parking, rental car charges and mileage charges. Mileage is charged, if any, when Houlihan Lokey professionals used their own cars to travel to and from meetings. Mileage is currently charged at the federally mandated rate of $0.325 per mile.

(h) **Miscellaneous:** This category contains expenses incurred for any other outside fee Houlihan Lokey may incur while working on this Chapter 11 case.

### IV.    Notice

10.    In accordance with the Administrative Order entered in this case, Houlihan Lokey has served this Application upon the Notice Parties, including: (a) the Debtors; (b) counsel to the Debtors at DLA Piper Rudnick Gray Cary LLP; (c) special counsel for the Debtors; (d) counsel for the Agent for the Senior Lenders; (e) counsel for the Ad Hoc Committee of 2005 Noteholders; (f) United States Trustee; and (g) counsel to the Official Committee of Unsecured Creditors.

### V.    Conclusion

11.    Pursuant to the Administrative Order, Houlihan Lokey seeks allowance of (i) $2,314,068 as compensation for the duration of the case (consisting of $375,000 in monthly compensation already allowed under the First Interim Fee Application, $112,500 as interim monthly compensation for the months of July 2004 through September 2004, and a Transaction Fee in the amount of $1,826,568) and (ii) $41,939.58 as reimbursement for expenses (consisting of $14,900.96 in monthly expenses already allowed under the First Interim Fee Application and interim expenses of $27,038.62).  Of the requested amounts, $1,058.22 of interim expenses remain unpaid.

12.    All professional services for which allowance of compensation is requested were performed by Houlihan Lokey on behalf of the Committee and not on behalf of any other entity or person.  Houlihan Lokey owns neither a claim against, nor an interest in any of the Debtors, nor has a beneficial interest, directly or indirectly, been acquired or transferred by Houlihan Lokey or for Houlihan Lokey's benefit since the commencement of the case.

13.    Unless any of the Notice Parties objects to the Application, on or before twenty (20) days from the date of service of this Application, the Debtors shall be authorized to pay the

requested fees and expenses to Houlihan Lokey to the extent not previously paid, in accordance with the terms of the Interim Compensation Order, without further order of this Court.

WHEREFORE, Houlihan Lokey requests that the Court enter an Order, substantially in the form of Order attached hereto as Exhibit D, allowing compensation for financial advisory services rendered to the Committee for the Final Application Period in the amount of $2,314,068 and reimbursement of expenses incurred during the same period in the amount of $41,939.58, and payment of $1,058.22, representing the unpaid portion of such amount.

Dated at Chicago, Illinois, this 1st day of July, 2005.

Respectfully submitted,

_____
Houlihan Lokey Howard & Zukin Capital
Financial Advisors to the Committee
By: Matthew R. Niemann
An Officer of the Firm

## **CERTIFICATE OF SERVICE**

      I, Pia N. Thompson, an attorney, do hereby certify that on the 5th day of July 2005, I did serve the foregoing **SECOND AND FINAL FEE APPLICATION OF HOULIHAN LOKEY HOWARD & ZUKIN CAPITAL FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND TRANSACTION BROKER FOR THE PERIOD FEBRUARY 2, 2004 THROUGH DECEMBER 31, 2004**, by causing a copy thereof to be served via facsimile upon those parties listed on the attached service list.

                                                                      /s/ Pia N. Thompson
                                                           Pia N. Thompson (ARDC No. 6225746)

Pia N. Thompson, Esq. (ARDC No. 6225746)
SONNENSCHEIN NATH & ROSENTHAL LLP
8000 Sears Tower
233 S. Wacker Drive
Chicago, Illinois 60606
(312) 876-8000

# IN RE WICKES, INC., Debtor
### Service List

| | |
|---|---|
| Roman L. Sukley<br>Attorney Office of the U. S. Trustee<br>  Northern District of Illinois<br>227 West Monroe Street, Suite 3350<br>Chicago, Illinois  60606<br>Fax:  (312)886-5794 | David N. Missner<br>DLA Piper Rudnick Gray Cary US LLP<br>203 North LaSalle Street<br>Suite 1900<br>Chicago, Illinois  60601-1293<br>Fax:  (312) 236-7516 |
| Richard M. Bendix<br>Schwartz, Cooper, Greenberger<br>  & Krauss, Chartered<br>180 North LaSalle Street<br>Suite 2700<br>Chicago, Illinois  60601<br>Fax:  (312) 782-8416 | Alan Solow<br>Goldberg Kohn Bell Black<br>  Rosenbloom & Moritz, Ltd.<br>55 East Monroe Street, Suite 3700<br>Chicago, Illinois  60603-3921<br>Fax:  (312) 332-2196 |
| Robert M. Fishman<br>Brian L. Shaw<br>Shaw Gussis Fishman Glantz Wolfson &<br>Towbin LLC<br>321 North Clark Street, Suite 800<br>Chicago, IL  60610<br>Fax:  (312) 980-3888 | Tom A. Howley<br>Stacey C. Jernigan<br>Haynes and Boone, LLP<br>1000 Louisiana, Suite 4300<br>Houston, TX  77002<br>Fax:  (713) 236-5407 |

11690882\V-1