**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re ) | |
| ) | Chapter 11 Case |
| Wickes Inc., ) | Case No. 04 B 02221 |
| ) | |
| Debtor. ) | Honorable Bruce W. Black |
| ) | |
| ) | Hearing Date: Dec. 23, 2010, 10:00 a.m. |
| ) | |

### NOTICE OF MOTION

     PLEASE TAKE NOTICE that on Thursday, December 23, 2010 at 10:00 a.m. or as soon thereafter as counsel may be heard, we shall appear before the Honorable Bruce W. Black, Bankruptcy Judge, Courtroom 615, Everett McKinley Dirksen Building, 219 S. Dearborn Street, Chicago, IL 60604, or before any other judge who may be sitting in his place and stead and then and there present the attached **MOTION FOR ENTRY OF A FINAL DECREE CLOSING CASE OF WICKES INC. AND FOR RELIEF FROM LOCAL BANKRUPTCY RULE 3022-1**, a copy of which is hereby served upon you.

Dated: December 16, 2010             Respectfully submitted,

                                                    **DAROLD WEIDMAN**, as Liquidating Trustee of the Liquidating Trust for the Chapter 11 Estate of Wickes Inc.

                                                    /s/ Maria A. Diakoumakis
                                                    By one of its attorneys

                                                    Richard M. Bendix, Jr. (ARDC# 168130)
                                                    Maria A. Diakoumakis (ARDC# 6289309)
                                                    Dykema Gossett PLLC
                                                    10 S. Wacker Drive, Suite 2300
                                                    Chicago, IL 60606
                                                    Tel: (312) 876-1700
                                                    Fax: (312) 876-1155
                                                    rbendix@dykema.com
                                                    mdiakoumakis@dykema.com

## CERTIFICATE OF SERVICE

    I, Maria A. Diakoumakis, an attorney, hereby certify that on December 16, 2010, the attached **MOTION FOR ENTRY OF A FINAL DECREE CLOSING CASE OF WICKES INC. AND FOR RELIEF FROM LOCAL BANKRUPTCY RULE 3022-1**, was served on all parties that have filed an electronic appearance in this proceeding via the Court's CM/ECF system. Parties may access the above document through the Court's CM/ECF system. In addition, the following parties were served via U.S. Mail First Class, as listed below:

William T. Neary
U.S. Trustee
219 S. Dearborn St., Suite 873
Chicago, IL 60604

Robert E. Richards, Esq.
Counsel for the Post-Confirmation
Creditors' Committee
SNR Denton
Willis Tower
233 S. Wacker Drive, Suite 7800
Chicago, IL 60606

Marc I. Fenton, Esq.
Counsel for Wickes Inc.
Neal, Gerber & Eisenberg LLP
2 North LaSalle St., Suite 1700
Chicago, IL 60602-3801

Darold Weidman
Liquidating Trustee of the Liquidating Trust
for the Chapter 11 Estate of Wickes, Inc.
P.O. Box 5640
Vernon Hills, IL 60061

Heidi Vogt, Esq.
Insurance Counsel
von Briesen & Roper, S.C.
411 East Wisconsin Ave., Suite 700
Milwaukee, WI 53202

George R. Calhoun, Esq.
Insurance Counsel
Steptoe & Johnson LLP
1330 Connecticut Ave. NW
Washington, D.C. 20036

William E. Osantowski, Esq.
Insurance Counsel
Foley & Mansfield PLLP
130 East Nine Mile Road
Ferndale, MI 48220

Jay H. Ong, Esq.
Insurance Counsel
Frost Bank Tower
401 Congress Ave., Suite 3050
Austin, TX 48701-4071

BMC Group, Inc.
Attn: Tinamarie Feil
444 N. Nash St.
El Segundo, CA 60245

BMC Group, Inc.
Attn: Terri Marshall
708 Broadway
Kansas City, MO 64105

Corporation Service Company
Attn: Amy Gudgel
801 Stevenson Drive
Springfield, IL 62703

| | |
|---|---|
| Dated: December 16, 2010 | /s/ Maria A. Diakoumakis |

                                                Richard M. Bendix, Jr. (ARDC# 168130)
                                                Maria A. Diakoumakis (ARDC# 6289309)
                                                Dykema Gossett PLLC
                                                10 S. Wacker Drive, Suite 2300
                                                Chicago, IL 60606
                                                Tel: (312) 876-1700
                                                Fax: (312) 876-1155
                                                rbendix@dykema.com
                                                mdiakoumakis@dykema.com

CHICAGO\3122101.3
ID\MADI - 103488/0001

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re ) | |
| ) | Chapter 11 Case |
| Wickes Inc., ) | Case No. 04 B 02221 |
| ) | |
| Debtor. ) | Honorable Bruce W. Black |
| ) | |
| ) | Hearing Date: Dec. 23, 2010, 10:00 a.m. |
| ) | |

**MOTION FOR ENTRY OF A FINAL DECREE CLOSING CASE OF WICKES INC. AND FOR RELIEF FROM LOCAL BANKRUPTCY RULE 3022-1**

Darold Weidman ("Liquidating Trustee"), not individually, but solely in his capacity as liquidating trustee for the estate of Wickes Inc. ("Wickes", or the "Debtor"), debtor in the above-captioned chapter 11 bankruptcy case ("Case"), by this motion ("Motion") moves this court for (1) entry of a final decree closing the Case; and (2) relief from Local Bankruptcy Rule 3022-1 requiring that notice of this Motion be served on all creditors of the estate. In support of this motion, the Liquidating Trustee states as follows:

**BACKGROUND**

**A.    The Chapter 11 Case and Confirmation of the Plan.**

1.    On January 20, 2004 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 the Bankruptcy Code.

2.    On December 12, 2007, the Court entered an order ("Confirmation Order") (Docket No. 3801) confirming the Debtor's Modified First Amended Joint Plan of Liquidation ("Plan"). The Plan became effective on December 18, 2007 ("Effective Date").

3.    Pursuant to section 4.4(a) of the Plan and paragraph 6 of the Confirmation Order, the Liquidating Trustee was appointed as of the Effective Date.

1

**B.     Status of the Chapter 11 Case.**

4.     Since that time, the Liquidating Trustee has worked diligently to implement the Plan. A status of matters relating to the Case and of distributions under the Plan is as follows:

5.     *General Unsecured Claims and Priority Claims*. With the exception of one claim, which has settled, as of the date of this Motion, either the Court has expunged or disallowed, or the Debtor has allowed, all unsecured and priority claims that were filed against the Debtor. The Liquidating Trustee has made distributions on account of all such allowed unsecured and priority claims as set forth and required under the Plan. See **Exhibit A**.

6.     *Administrative Claims*. The Liquidating Trustee has made distributions on account of all allowed administrative claims as set forth and required under the Plan.

7.     *Adversary Proceedings*. As of the date of this Motion, there is one open adversary proceeding: Case No. 05-2333, which was stayed as a result of the defendant's bankruptcy.

## JURISDICTION

8.     This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

9.     The statutory predicates for the relief requested herein are section 350 of title 11 of the United States Code ("Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedures ("Bankruptcy Rules"), and Local Rule 3022-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois ("Local Rules").

## RELIEF REQUESTED

10.    The Liquidating Trustee requests that this Court issue a final decree closing the Debtor's estate as provided for in Bankruptcy Rule 3022. The Liquidating Trustee also requests that the Court waive the requirement that the Liquidating Trustee provide notice to all creditors

2

of the estate as set forth in Local Rule 3022-1. Finally, the Liquidating Trustee requests that he be authorized to take all actions, and to execute all documents necessary or appropriate to wind up the affairs of the Liquidating Trust, and that he be discharged of his duties as liquidating trustee upon tendering a letter of resignation to Mr. Robert E. Richards, counsel for the post-confirmation creditors' committee.

## BASIS FOR RELIEF REQUESTED

### I.  Standard for Closing a Chapter 11 Case

11. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Bankruptcy Rule 3022.

12. The term "fully administered" is not defined by either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Notes to Bankruptcy Rule 3022, however, set forth the following non-exclusive list of factors to be considered in determining whether a case has been fully administered: (i) whether the order confirming the plan has become final; (ii) whether deposits required by the plan have been transferred; (iii) whether the property proposed by the plan to be transferred has been transferred; (iv) whether the debtor [or its successor] has assumed the business or management of the property dealt with by the plan; (v) whether payments under the plan have commenced; and (vi) whether all motions, contested matters and adversary proceedings have been finally resolved.

13. These six factors, however, are merely guidelines that aid a court's determination, and each of the factors need not be present before a court enters a final decree. *See In re Mold*

3

*Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990). In particular, courts have held that open related adversary proceedings should not be enough to prevent closure of a bankruptcy case. *See*, *e.g.*, *In re JMP-Newcor International, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (Barliant, J.) (where the only matters remaining are certain disbursements and an adversary proceeding, case can be closed); *In re McClelland*, 377 B.R. 446, 453 (Bankr. S.D.N.Y. 2007) (if an estate is otherwise fully administered, one adversary proceeding should not delay closing case); *In re Union Home & Indus., Inc.*, 375 B.R. 912, 918 (10th Cir. BAP 2007) (same). Courts have also found that it is not necessary to complete a final distribution under a plan of reorganization to close a case. *See, e.g.*, *JMP-Newcor International*, 225 B.R. at 465; *Jay Bee Enterprises*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997).

## II. It is Appropriate to Close Wickes' Chapter 11 Case

14. The Debtor's Case has been fully administered within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing the Case. The confirmation order became final and non-appealable on or about December 12, 2007. Shortly thereafter, the Plan was substantially consummated.

15. Moreover, as set forth above, since consummation, either the Court has expunged or disallowed, or the Debtor has allowed, all unsecured and priority claims that were filed against the Debtor. Courts have found that there is no reason to keep a bankruptcy case open because the final distribution has not yet occurred.

16. Furthermore, leaving the Case open causes the Liquidating Trust to incur quarterly United States Trustee fees. Under applicable law, a quarterly fee shall be paid to the United States Trustee, for deposit in the Treasury, in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until the case is converted or dismissed, whichever

4

occurs first. 28 U.S.C. §1930. If the Case is not closed, the Liquidating Trustee will be required to continue paying quarterly trustee fees. Payment of these quarterly fees represents an inefficient use of funds which would otherwise be available for distribution to creditors. Accordingly, there is ample justification for entry of a final decree closing the Case at this time.

### III. Waiver of Local Bankruptcy Rule 3022-1

17. Finally, the Liquidating Trustee seeks a waiver of the notice requirements under Local Rule 3022-1. There are many creditors in this Case and providing service of this Motion by mail to all creditors would cost the Liquidating Trust a substantial sum of money, representing an inefficient use of funds which would otherwise be available for distribution to creditors. Given the size of the creditor body and the amount of time that has passed since the effective date of the Plan, the Liquidating Trustee does not believe service on all creditors is necessary or appropriate. The Liquidating Trustee has served this Motion on all parties who have requested service in this Case through the Court's CM/ECF system, including the United States Trustee. In light of the relief requested, the Liquidating Trustee submits that the notice provided was appropriate.

CHICAGO\3122101.3
ID\MADI - 103488/0001

**WHEREFORE**, the Liquidating Trustee respectfully requests that this Court enter an order (i) approving a final decree in the Case; (ii) waiving the requirement in Local Rule 3022-1 that the Liquidating Trustee serve all creditors with this Motion; and (iii) granting such other and further relief as this Court deems appropriate.

Dated: December 16, 2010   Respectfully submitted,

**DAROLD WEIDMAN**, as Liquidating Trustee of the Liquidating Trust for the Chapter 11 Estate of Wickes Inc.

 /s/  Maria A. Diakoumakis
By one of its attorneys

Richard M. Bendix, Jr. (ARDC# 168130)
Maria A. Diakoumakis (ARDC# 6289309)
Dykema Gossett PLLC
10 S. Wacker Drive, Suite 2300
Chicago, IL 60606
Tel:  (312) 876-1700
Fax: (312) 876-1155
rbendix@dykema.com
mdiakoumakis@dykema.com

6